UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FLOYD SUGGS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et al.,
JOHN DOE, Staff Member(s),
JOHANSSON, Lieutenant,
WEISINGES, Officer, BAKER, Officer,
OLSON, Officer, and ANDERSON, Officer,

    Defendants.

Civil No. 09-3280 (MJD/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against all of the Defendants listed in the caption of his complaint, with the exception of the Defendant identified as "Johansson." The Court will therefore recommend that this action be dismissed as to all Defendants,

---

[1] When Plaintiff commenced this action, he did not tender the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). Plaintiff's IFP application is being granted by a separate order entered contemporaneously with this Report and Recommendation.

except Defendant Johansson, pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff alleges that he was incarcerated at the Federal Prison Camp in Duluth, Minnesota, ("FPC-Duluth"), from approximately December 22, 2007, until January 30, 2008. (Complaint, [Docket No. 1], p. 1, ¶ 2.) As soon as Plaintiff arrived at FPC-Duluth, he was placed in the prison's segregated housing unit, ("SHU"). (Id., p. 7, ¶s 25-27.) Plaintiff alleges that he was placed in the SHU even though he received no detention order or report. The Court understands this to mean that Plaintiff was not accused of any violation of prison rules or other misconduct, and he was not informed of the reasons, (if any), for his assignment to the SHU.

While Plaintiff was in the SHU, he allegedly submitted grievances to Defendant Johansson and other prison officials, but he did not receive any response. (Id., p. 8, ¶s 28-29.) Plaintiff remained in the SHU for seventeen days, and during that time "only one staff member came to investigate the reason Plaintiff was placed in S.H.U." (Id., ¶ 30.)

On or about January 7, 2008, Defendant Johansson and Defendant Weisinges took Plaintiff from the SHU, and brought him to a meeting with Defendant Baker. Defendant Baker allegedly told Plaintiff that he would be released from the SHU and allowed to remain at FPC-Duluth, even though Baker thought that Plaintiff did not deserve to be assigned to a prison camp. (Id., pp. 8-9, ¶s 33-34.) Baker also allegedly told Plaintiff he would be immediately removed from FPC-Duluth if he

2

"even look[ed] at any of our officers or inmates in any type of way." (Id., p. 9, ¶ 34.)

Plaintiff alleges that the very next day, (January 8, 2008), Defendants Johansson and Weisinges falsely accused him of misconduct, and filed a "bogus" incident report against him. (Id., pp. 9-10, ¶s 36-37.) Although Plaintiff has not clearly described what happened, he obviously is contending that Defendants Johansson and Weisinges, as well as Defendants Olson and Anderson, conspired against him and wrongly found him guilty of some type of misconduct. (Id., pp. 10-11, ¶s 37-45.) As a result, Plaintiff was returned to the SHU on or about January 9, 2008.

When Plaintiff was assigned to the SHU for the second time, Defendant Johansson allegedly refused to give Plaintiff certain medication, even though Johansson allegedly knew that Plaintiff needed that medication for some unidentified medical condition. (Id., p. 11, ¶s 45-46.) Plaintiff further alleges that he "became very ill after not taking his medication," and he could not eat until another staff member gave him the medication he needed. (Id., p. 12, ¶ 49.)

Plaintiff also alleges that when he was placed in the SHU for the second time, he was asked what type of meals he would eat. Plaintiff allegedly said that he did not eat pork, and Defendant Johansson allegedly responded by saying "you either going to have no-meat trays or the regular trays with pork if you are going to eat." (Id., p. 11, ¶ 47.) Defendant Weisinges allegedly gave Plaintiff a form, which required him to indicate what type of meal he would receive, and Plaintiff allegedly "signed the form out of fear." (Id., p. 12, ¶ 48.) The complaint does not indicate

3

what type of meals Plaintiff actually requested, nor does it indicate what type of meals Plaintiff actually received while he was in the SHU.

On or about January 30, 2008, Plaintiff was removed from FPC-Duluth, and it appears that he was then transferred to a more secure prison facility. (Id., p. 1, ¶ 2; p. 12, ¶s 49-50.) When Plaintiff was taken to an office to sign some forms pertaining to his prison transfer, Defendant Johansson allegedly threatened to "take [Plaintiff] down" if he tried to do anything after his handcuffs were removed. (Id., p. 12, ¶ 51.) However, there are no allegations suggesting that Johansson actually did anything to Plaintiff at that time.

Based on the foregoing allegations, Plaintiff is now attempting to sue Defendants Johansson, Weisinges, Baker, Olson, and Anderson, (as well as a "John Doe" defendant), for allegedly violating his federal constitutional rights under the First, Fifth and Eighth Amendments. Giving Plaintiff's complaint the benefit of liberal construction, the Court finds that Plaintiff is claiming that:

(1) Defendants violated Plaintiff's Fifth Amendment right to due process by causing him to be placed in the SHU, and keeping him there, without affording him any of the procedural benefits of due process;

(2) Defendants violated the Eighth Amendment prohibition against "cruel and unusual punishment" by placing Plaintiff in the SHU;

(3) Defendants Johansson and Weisinges violated Plaintiff's First Amendment rights by failing to accommodate the dietary needs of his religion; and

(4) Defendant Johansson violated Plaintiff's Eighth Amendment rights by

4

refusing to give him a certain medication that he needed.

Plaintiff is seeking a judgment against the various Defendants that would award him compensatory and punitive damages for the alleged violations of his constitutional rights.

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue governmental officials, his complaint is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, it must be summarily dismissed pursuant to § 1915A(b).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendants under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a <u>pro</u> <u>se</u> complaint must contain specific facts supporting its

5

conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing <u>each named defendant's personal involvement</u> in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, which purportedly violated the plaintiff's federal constitutional rights.

As noted above, giving Plaintiff's complaint the benefit of liberal construction, the Court finds that Plaintiff is attempting to bring four claims against the named Defendants. However, at least three of those putative claims are not supported by

the factual allegations in the complaint.

### A. Due Process Claims

Plaintiff obviously believes that he was wrongly placed in the SHU at FPC-Duluth on two separate occasions. He alleges that the first time he was placed in the SHU, he did not receive any "Administrative Detention Order or Report." (Complaint, p. 7, ¶ 27.) He further alleges that he presented grievances to prison staff, (presumably seeking a release from the SHU), and he did not receive any satisfactory response. Plaintiff's second assignment to the SHU allegedly resulted from a "fabricated" and "bogus" disciplinary report. As far as the Court can tell, Plaintiff is contending that the charges against him were false, that the adjudication of his guilt was a sham, and that his subsequent administrative challenges were arbitrarily disregarded. In sum, it clearly appears that Plaintiff is claiming he was sent to the SHU at FPC-Duluth, and kept there for approximately 38 days altogether, without being afforded any of the protections guaranteed by the due process clause of the Fifth Amendment.

To state an actionable due process claim, Plaintiff would have to allege facts showing that he was deprived of some constitutionally protected property or liberty interest, without being afforded the procedural protections of due process. Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake"). Plaintiff apparently thinks that he has a constitutionally protected liberty interest in remaining in the general prison population, and that he could not be deprived of that interest without being granted the procedural protections of due process.

7

However, a constitutionally protected liberty interest will be found, and the protections of due process will therefore come into play, only when a prisoner has shown the type of unusual hardship, or dramatic departure from ordinary prison life, that is contemplated in Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, the Supreme Court held that a prisoner cannot sustain a due process claim unless he can show that he suffered an "atypical and significant hardship... in relation to the ordinary incidents of prison life." Id. at 484. See also Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010) (per curiam) ("[t]o show he was deprived of a protected liberty interest, [a prisoner] must identify conditions that impose "atypical or significant hardship ... in relation to the ordinary incidents of prison life"). In Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996), the Court of Appeals interpreted Sandin to mean that prisoner due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences."

In this case, Plaintiff has not pleaded an actionable due process claim, because he has not alleged any facts showing the type of severe hardship that Sandin requires. It is well-settled that, for due process purposes, assignment to segregated confinement is considered to be a normal and expectable aspect of a prison sentence. Therefore, limited periods of segregated confinement are not considered to be an "atypical and significant hardship" that can give rise to a protected liberty interest. The Eighth Circuit has repeatedly held that "a demotion to

8

segregation, <u>even without cause</u>, is not itself an atypical and significant hardship.'" <u>Orr</u>, 610 F.3d at 1034, quoting <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003) (emphasis added). <u>See</u> also <u>Portley-el v. Brill</u>, 288 F.3d 1063, 1065 (8th Cir. 2002) ("[w]e have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under <u>Sandin</u>"). Because Plaintiff has not shown that he has suffered any atypical and significant hardship that caused him to be deprived of a protected liberty interest, he was not entitled to the procedural benefits of due process before being assigned to segregated confinement, nor was he entitled to due process while he remained there. Therefore, Plaintiff has not pleaded an actionable due process claim based on his placement in the SHU.

B. <u>Eighth Amendment Claim Based On Segregated Confinement</u>

Plaintiff also claims that Defendants violated his Eighth Amendment rights by keeping him in the SHU at FPC-Duluth. He seems to believe that keeping him in the SHU for approximately 38 days constitutes "cruel and unusual punishment." This claim must be summarily rejected, because segregated confinement by itself, even for extended periods, is not considered "cruel and unusual punishment" for Eighth Amendment purposes. <u>See</u> <u>Brown v. Nix</u>, 33 F.3d 951, 955 (8th Cir. 1994) (prisoner's nine-year term of segregated confinement for multiple disciplinary infractions did not violate the Eighth Amendment). <u>See</u> also <u>Herron v. Schriro</u>, 11 Fed. Appx. 659, 662, (8th Cir.) (unpublished opinion) (upholding district court's rejection of prisoner's Eighth Amendment claim based on thirteen years of segregated confinement), <u>cert</u>. <u>denied</u>, 534 U.S. 1059 (2001). Plaintiff has not

9

alleged that he was abused in any way during his segregated confinement, (except, perhaps, when Defendant Johansson allegedly refused to give him his medications, which is discussed separately below). Therefore, Plaintiff cannot sustain an Eighth Amendment claim based on his confinement in the SHU.

C. <u>First Amendment Claim</u>

It appears that Plaintiff is also trying to bring some type of claim based on the First Amendment. He apparently believes that Defendants somehow violated his First Amendment right to practice his religion because of the food service he received during his confinement in the SHU. However, Plaintiff's complaint clearly fails to state an actionable First Amendment claim.

The only apposite allegations in the complaint are that (a) Defendant Johansson asked Plaintiff what type of meals he wanted while he was in the SHU, (b) Defendant Johansson told Plaintiff that he would have to choose between a "no meat tray" or a "regular tray," (c) Defendant Weisinges required Plaintiff to sign a form in which Weisinges "checked off on what type of meal Plaintiff was going to receive," and (d) Plaintiff "signed the form out of fear." (Complaint, pp. 11-12, ¶s 47-48.) There are no factual allegations showing that Plaintiff holds any particular religious beliefs; there are no factual allegations showing that Plaintiff's religious beliefs require him to eat a specific diet; there are no factual allegations showing that Plaintiff was not offered a diet that would accommodate his religious beliefs, and there are no factual allegations showing what Plaintiff actually did eat while he was in the SHU at FPC-Duluth. Because of these critical omissions, the Court finds that Plaintiff has not pleaded any actionable claim for relief based on the First

Amendment's "freedom of religion" clause.

## III. CONCLUSION

The only claim presented in Plaintiff's complaint that might have some possible vitality is Plaintiff's Eighth Amendment claim against Defendant Johansson, based on the allegations that Johansson deliberately deprived Plaintiff of certain medication that Plaintiff needed.[2] For the reasons discussed above, the Court finds that Plaintiff has not stated any other actionable claim against any other Defendant. Thus, the Court will recommend that Plaintiff be allowed to pursue his Eighth Amendment claim against Defendant Johansson, and that all of Plaintiff's other claims, against all other Defendants, be summarily dismissed pursuant to § 1915A(b).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff be allowed to continue to prosecute his Eighth Amendment claim against Defendant Johansson, without prejudice to any defenses that Defendant Johansson might seek to raise hereafter;

---

[2] In truth, allowing Plaintiff to pursue his Eighth Amendment claim against Defendant Johansson is a substantial indulgence. Plaintiff has not described his alleged medical condition, he has not identified the medication that he allegedly needed, he has not indicated how long he was deprived of his medication, and he has not described how seriously ill he became as a result of Johansson's alleged misdeed. Despite these significant shortcomings in Plaintiff's pleading, the Court finds, for now, that he has pleaded an Eighth Amendment claim against Defendant Johansson that can survive sua sponte review under § 1915A.

2. All of Plaintiff's other claims, aside from his Eighth Amendment claim against Defendant Johansson, be summarily dismissed pursuant to 28 U.S.C. § 1915A(b); and

3. That all Defendants other than Defendant Johansson be dismissed from this action.

Dated: January 7, 2011      s/ *Jeanne J. Graham*
                            JEANNE J. GRAHAM
                            United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 24, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.