UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FLOYD SUGGS, | Civil No. 09-3280 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| FEDERAL BUREAU OF PRISONS, et al., JOHN DOE, Staff Member(s), JOHANSSON, Lieutenant, WEISINGES, Officer, BAKER, Officer, OLSON, Officer, and ANDERSON, Officer, | |
| Defendants. | |

Floyd Suggs, Federal Correctional Institution Elkton, P.O. Box 10, Lisbon, Ohio, 44432, Plaintiff, pro se.

Mary Jo Madigan, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Defendants.

TONY N. LEUNG, United States Magistrate Judge

Plaintiff, a federal prisoner, commenced this action by filing a civil complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.)[1] Plaintiff's complaint purports to state several claims for relief against several named Defendants. The District Court, however, previously dismissed all of Plaintiff's purported claims against all named Defendants, with one exception. (See Order dated February 10, 2011; [Docket No. 23].) The sole surviving claim in this case is Plaintiff's claim that Defendant John Johansson ("Johansson") deprived him of his constitutional rights under the Eighth

---

[1] This action was commenced in the United States District Court for the District of New Jersey, but it was transferred to the District of Minnesota because Plaintiff's claims are based on events that allegedly occurred in Minnesota.

Amendment of the United States Constitution.  (Id.)

Johansson has filed a motion to dismiss, or alternatively, for summary judgment. (Docket No. 29.)  Plaintiff has filed a three-page memorandum in response to Johansson's motion, which is entitled "Plaintiff's Motion In Opposition To Defendant's Motion to Dismiss, Or, Alternatively, For Summary Judgment" ("Opposition Memorandum").  (Docket No. 34.) The matter has been referred to the undersigned Magistrate Judge for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court recommends that Johansson's motion for summary judgment be granted, and that this action be dismissed with prejudice.

**I.  BACKGROUND**

In 2001, federal criminal charges were brought against Plaintiff in the United States District Court for the Northern District of Illinois.  He was subsequently convicted for unlawful possession of a firearm and sentenced to 188 months in federal prison.  Plaintiff is still serving that sentence at this time.  His projected release date is October 18, 2014. (Declaration of John Johansson, [hereafter "Johansson Decl."], [Docket No. 31], p. 1, ¶ 2; see also Suggs v. United States, 317 Fed.Appx. 567 (7th Cir. 2009) (unpublished opinion).)

Plaintiff's current Eighth Amendment claim against Johansson is based on events that allegedly occurred while Plaintiff was serving his federal prison sentence at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth").  Plaintiff alleges that he was confined at FPC-Duluth from December 22, 2007, to January 30, 2008.  (Complaint, p. 1, ¶ 2.) During that time, Johansson was employed as a lieutenant at FPC-Duluth.  (Johansson Decl., p. 1, ¶ 1.)

In January 2008, Plaintiff received an "Incident Report" at FPC-Duluth for allegedly violating prison regulations. A "Unit Disciplinary Committee" conducted a hearing on the matter and determined that Plaintiff had committed the alleged offense. As a result, Plaintiff was placed in a Special Housing Unit, ("SHU"), on January 9, 2008. (Johansson Decl., pp. 1-2, ¶s 4-5; see also Complaint, Exhibit 10.[2])

Plaintiff alleges that on the day that he was assigned to the SHU, January 9, 2008, Johansson "refused to give Plaintiff his medication while being placed in S.H.U." (Complaint, p. 11, ¶ 45.) Plaintiff further alleges that Johansson "was aware by the Medical Department that Plaintiff had a medical problem and needed to take medicine," but Johansson "still refused to give Plaintiff his medicine." (Id., ¶ 46.) Based on these allegations, Plaintiff claims that Johansson violated his constitutional rights under the Eighth Amendment.

Plaintiff's response to Johansson's current summary judgment motion includes a belated explanation of the "medical problem" and the "medicine" referred to in the complaint. There, Plaintiff discloses for the first time that he "needed to take the medication Ranitidine, for his acid reflux." (Opposition Memorandum, p. 1.) He also states that on January 9, 2008, he asked Johansson: "Can I take one of my pills because I have to take them after eating for my acid reflux?" (Id.) According to Plaintiff, "Johansson not only refused Plaintiff Suggs his medication but, in turn, took the whole bottle of prescription and

---

[2] Exhibit 10, attached to the Complaint, is a copy of the Incident Report that precipitated Plaintiff's assignment to the SHU. The Report indicates that on January 7, 2008, Plaintiff was released from an earlier assignment to the SHU. Upon being released, Plaintiff was searched, and he was found to be carrying written messages from someone in the SHU, which were to be delivered to someone outside of the SHU. According to the Report, Plaintiff admitted passing notes from the SHU.

refused Plaintiff Suggs medical care." (Id.)

In Plaintiff's response to Johansson's summary judgment motion, he further contends–again, for the first time–that

> "[w]hile awaiting on a medical staff to bring Plaintiff his medication, Plaintiff began to experience the serious complications and the affects of his condition from not having taken his proper medication. The excrutiating [sic] pain caused a heavy burning sensation that hit right behind Plaintiff's breast bone. The pain became so severe and debilitating that Plaintiff Suggs was unable to ingest food. After trying to eat, Plaintiff would regurgitate immediately and was only able to eat bread and drink water to satisfy his hunger and dehydration, and hope it would reduce the pain. By the third day, Plaintiff was severely malnutured [sic] and dehydrated. He became light headed and weak to the point of immobility."

(Id., pp. 1-2.)

Three days after Plaintiff allegedly entered the SHU without his acid reflux medicine, he asked an unnamed correctional officer for help. (Id., p. 2.) The officer apparently contacted the prison medical department, and Plaintiff then got his medication. (Complaint, p. 12, ¶ 49.) There is nothing to indicate that Plaintiff suffered any further illness thereafter.

Johansson acknowledges that he was involved in Plaintiff's assignment to the SHU on January 9, 2008. (Johansson Decl., pp. 1-2, ¶s 4-5.) Johansson, however, asserts that (1) he "was never responsible for providing the plaintiff with medication" while Plaintiff was confined in the SHU on January 9, 2008; (2) he is "not a licenced health care provider," and his official duties "never included providing the plaintiff with medication;" and (3) he "never supervised any members of the medical staff," and he "never ordered anyone to prohibit the plaintiff from receiving medication." (Id., p. 1, ¶ 3.) Johansson further asserts that he "never prevented any members of the medical department from monitoring the plaintiff's condition," and he "never prohibited any members of the medical department from

4

providing him with medication on January 9, 2008." (Id., p. 2, ¶ 6.)

Nothing in the record suggests that Johansson had any interaction with Plaintiff while he was in the SHU, and nothing in the record suggests that Johansson knew anything about Plaintiff's health status while he was in the SHU.  Aside from Plaintiff's unverified allegation that Johansson took away his medication on the day that Plaintiff entered the SHU, nothing in the record suggests that Johansson influenced Plaintiff's SHU experience in any way.

Giving Plaintiff's complaint the benefit of liberal construction, it appears that he is attempting to sue Johansson for allegedly violating his constitutional rights under the Eighth Amendment by taking away his acid reflux medicine on January 9, 2008.[3]  Plaintiff is seeking a judgment against Johansson for $250,000.00 in compensatory damages, and another $250,000.00 in punitive damages.

## II.  STANDARD OF REVIEW

In considering a motion for summary judgment, the Court is to determine whether there are any genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co.

---

[3] Plaintiff's complaint indicates that he is bringing this action under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. (Complaint, p. 2, ¶ 7.) Johansson, however, clearly appears to be an employee of the federal government, so if he violated Plaintiff's constitutional rights, he would be suable under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than § 1983.  See Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990) ("[a]n action under Bivens is almost identical to an action under § 1983, except that the former is maintained against federal officials while the latter is against state officials").  As a practical matter, however, it makes little difference whether Plaintiff's claims are brought under § 1983 or under Bivens because the substantive requirements of those two causes of action are virtually identical.  Id.

v. Zenith Radio Corp., 475 U.S. 574 (1986) (Matsushita).  When there is no reasonable construction of the facts that would allow the nonmoving party to prevail, the remedy of summary judgment is appropriate.  Matsushita, 475 U.S. at 587-88.  The role of the court is not to weigh the evidence, but to determine whether, as a matter of law, a genuine factual conflict exists.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  In making this determination, the court is required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences that can be drawn from the evidence.  Id.

On a motion for summary judgment, the moving party has the initial burden of establishing the "material facts" and demonstrating that there is not a "genuine" dispute as to whether those material facts are true.  Fed. R. Civ. P. 56(c).  To defeat the motion, the opposing party must then establish that there is a "genuine" issue as to material facts.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; Fed. R. Civ. P. 56(e).  If a motion for summary judgment is properly supported by affidavits or other evidence, the nonmoving party must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. Matsushita, 475 U.S. at 587; Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc., 824 F.2d 582, 585 (8th Cir. 1987), cert. denied, 484 U.S. 1010 (1988).  Although the evidence is examined in the light most favorable to the non-moving party, the non-moving party may not rely on conclusory allegations or denials.  Anderson, 477 U.S. at 256; Lambert v. City of Dumas, 187 F.3d 931, 934-35 (8th Cir. 1999).

The moving party is entitled to summary judgment when the non-movant fails to

establish the existence of an essential element of a claim on which that party has the burden of proof at trial. Celotex Corp., 477 U.S. at 322. No genuine issue of material fact exists absent such foundation because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587. The Court considers the motion for summary judgment based upon the material presented in connection with the motion. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. The Court's inquiry should be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

The Court is mindful that pro se pleadings should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); White v. Bond, 720 F.2d 1002, 1003 (8th Cir. 1983). Therefore, pro se pleadings are held to less stringent standards when challenged by motions to dismiss or for summary judgment. Haines, 404 U.S. at 520; Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Nonetheless, a pro se plaintiff's claim cannot survive a motion for summary judgment unless, in some form, he can fairly be said to have set forth specific facts demonstrating that there is a genuine issue of material fact that requires a trial. Miller v. Solem, 728 F.2d 1020, 1023 (8th Cir. 1984), cert. denied, 469 U.S. 841

(1984); Quam v. Minnehaha Cnty. Jail, 821 F.2d 522 (8th Cir. 1987).

## III.  DISCUSSION

As previously noted, Plaintiff appears to be claiming that Johansson violated his rights under the Eighth Amendment, by depriving him of his acid reflux medicine.[4]  To prevail on that claim, Plaintiff must show that he had a "serious medical need," and that Johansson knew about it, but deliberately ignored it.  Jenkins v. Cnty. of Hennepin, Minn., 557 F.3d 628, 631 (8th Cir. 2009).  See also Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006) (to sustain an Eighth Amendment claim against prison officials based on inadequate medical care, a prisoner "must demonstrate that he suffered objectively serious medical needs, and the officials actually knew of but deliberately disregarded those needs").  Our Court of Appeals has explained that –

---

[4] Johansson has argued that this lawsuit should be dismissed without reaching the merits of Plaintiff's Eighth Amendment claim because Plaintiff failed to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a). While acknowledging that Plaintiff did make some effort to obtain administrative relief, Johansson argues that "Plaintiff filed no remedy requests in which he specifically alleged that Johansson denied authorized medication to him while he was confined at the FPC."  (Defendant's "Memorandum In Support Of Motion To Dismiss Or, Alternatively, For Summary Judgment," [Docket No. 30], p. 11.)  However, the Eighth Circuit Court of Appeals has pointed out that

> "'[E]xhaustion [as required by the PLRA] is not per se inadequate simply because an individual later sued was not named in the grievance[ ]' filed by an inmate.... Instead, the [Supreme] Court [has] ruled that the degree of specificity required in a prison grievance 'will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.'"

Abdul-Muhammad v. Kempker, 486 F.3d 444, 446 (8th Cir. 2007), quoting Jones v. Bock, 549 U.S. 199, 218-19 (2007).  In this case, Johansson has not addressed the "degree of specificity" required to satisfy the administrative remedy requirements prescribed by the federal Bureau of Prisons.  Therefore, the Court cannot confidently conclude, based on the present record, that Johansson's "failure to exhaust" argument is sustainable.

> "An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component.... [Citations omitted.] The plaintiffs must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.... [Citation omitted.] 'Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'' Hudson v. McMillian, 503 U.S. 1, 9... (1992). '[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge.' Long v. Nix, 86 F.3d 761, 765 (8th Cir.1996)."

Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (emphasis added).

For present purposes, the Court will assume (without deciding) that Plaintiff's acid reflux condition was a serious medical condition that would satisfy the objective component of an Eighth Amendment claim.[5] The Court finds, however, that Plaintiff's Eighth Amendment claim against Johansson must be dismissed on summary judgment, because he has not shown that he can sustain the subjective component of his claim. Plaintiff cannot satisfy the subjective "deliberate indifference" requirement of an Eighth Amendment claim without presenting evidence showing that Johansson knew that taking away Plaintiff's acid reflux medicine would cause him to suffer serious health problems. Plaintiff has offered no such evidence.

---

[5] This assumption is based on the Court's acceptance of the unverified assertions set forth in Plaintiff's response to Johansson's summary judgment motion. Plaintiff's complaint alleges only that he "became very ill after not having taking [sic] his medication." (Complaint, p. 12, ¶ 49.) Plaintiff's response to the summary judgment motion provides a bit more detailed information about the "heavy burning sensation," and "excrutiating [sic] pain" that Plaintiff allegedly endured as a result of his untreated acid reflux. (See Opposition Memorandum, p. 4.) Plaintiff's brief, vague and unsworn description of his symptoms is not compelling evidence of a serious medical need, but it will be accepted for present purposes.

9

Looking at the record in this case, the Court initially notes that Johansson is "not a licensed health care provider." This means that Johansson had no Eighth Amendment duty to recognize and respond to Plaintiff's health care needs, unless Plaintiff was suffering from a serious medical need that would have been readily apparent to someone who is not a health care professional. See Jones v. Minnesota Dept. of Corrections, 512 F.3d 478, 483 (8th Cir. 2008) ("[t]he question... is not, in hindsight, whether [the prisoner] had a serious medical condition, but rather, whether the condition was so obvious that a layperson would have easily recognized the need for medical treatment"). A prison official who is not a trained health care professional is not constitutionally responsible for recognizing and responding to a prisoner's health care needs, unless the prisoner is suffering from some injury or medical condition that any lay person would readily recognize as a serious medical need. See Jenkins, 557 F.3d at 633 ("[j]ailers bear only the responsibility to identify medical needs that are 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention'") (quoting Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir.1997), and Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir.1995)).

In this case, Plaintiff has alleged only that he, or someone else, told Johansson that he needed his medicine. This allegation alone, even if proven true, would not adequately demonstrate that Plaintiff was suffering from a medical condition that a layperson, such as Johansson would readily identify as a "serious medical need." Nothing in the record suggests that Plaintiff was in any distress when Johansson allegedly took away his medicine, and nothing in the record suggests that Johansson knew that Plaintiff would suffer serious medical problems without his medicine. Although it is unclear why Johansson allegedly took the medicine away from Plaintiff, there is no evidence showing

10

that Johansson knew his actions would cause serious medical problems for Plaintiff. If Johansson had actually observed Plaintiff suffering from the symptoms described in his complaint and Opposition Memorandum, then it could perhaps be argued that Johansson, even as a layperson, should have recognized that Plaintiff needed medical assistance. But again, there is no evidence – or even any allegations – showing that Johansson was aware of the symptoms Plaintiff allegedly experienced during the time that he was in the SHU without his acid reflux medication.

Furthermore, the record shows that Johansson did not prevent Plaintiff from obtaining his medicine from those who should have been providing it to him – i.e., the prison's medical department. According to Johansson's unrefuted declaration, Plaintiff should have had access to medical care after he entered the SHU on January 9, 2008.[6] Nothing in any of Plaintiff's submissions shows that he sought medical assistance from a prison health care professional when he entered the SHU without his medication. More significantly, nothing in Plaintiff's submissions shows that Johansson prevented Plaintiff from seeking medical assistance from the prison medical department. Indeed, the evidentiary record demonstrates that Johansson did not impede or impair Plaintiff's ability to seek or obtain medical assistance upon being placed in the SHU.[7]

Plaintiff has made no effort to explain why he apparently did not seek and obtain

---

[6] According to Johansson, "[w]hen an inmate is confined in the SHU, a member of the medical department at the FPC is responsible for monitoring the inmate's condition and providing him with medication he is authorized to receive." (Johansson Decl., p. 2, ¶ 6.)

[7] Johansson states: "I never prevented any members of the medical department from monitoring the plaintiff's condition and I never prohibited any members of the medical department from providing him with medication on January 9, 2008." (Johansson Decl. p. 2, ¶ 6.)

11

medical assistance from the prison medical staff as soon as he became concerned about the alleged confiscation of his acid reflux medicine. Moreover, even if Plaintiff had promptly sought medical assistance, he has not shown why that effort was unsuccessful until his third day in the SHU. Most importantly, Plaintiff certainly has not shown that Johansson prevented him from seeking and obtaining medical assistance at any time after he was placed in the SHU. (See n. 7, supra.)

In sum, there is no evidence showing that Johansson knew Plaintiff would suffer serious medical consequences without his acid reflux medicine; there is no evidence showing that Johansson knew Plaintiff actually did suffer serious medical consequences because he did not have his acid reflux medicine; and there is no evidence showing that Johansson prevented Plaintiff from getting whatever medicine he needed from the proper source – i.e., the prison medical staff at FPC-Duluth. Therefore, based on the evidence of record, no reasonable factfinder could conclude that Johansson was deliberately indifferent to Plaintiff's serious medical needs.

"A party opposing summary judgment is not permitted to merely rest on his pleadings but must instead set forth sufficient evidence from which a reasonable jury could find in his favor on all elements of his claims." Johnson, 452 F.3d at 972. In this case, Plaintiff has not presented sufficient evidence to support his Eighth Amendment claim against Johansson. Indeed, Plaintiff has not presented any affidavits or other evidence of any kind. The only evidence in the record is that which has been submitted by Johansson. Based on that evidence, no judge or jury could find that Johansson violated Plaintiff's constitutional rights under the Eighth Amendment. The Court therefore recommends that Johansson's motion for summary judgment be granted.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant John Johansson's motion for summary judgment, (Docket No. 29), be **GRANTED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: December __13__, 2011

                                              *s/ Tony N. Leung*
                                              TONY N. LEUNG
                                              United States Magistrate Judge

                                              *Suggs v. Fed. Bureau of Prisons et al.*
                                              File No. 09-cv-3280 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **January 6, 2012**.